NO. 12-02-00318-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 



IN RE: DAN THOMAS
§
 ORIGINAL PROCEEDING



§
 






 

 Relator Dan Thomas ("Relator") seeks a writ of mandamus compelling the trial court to hold
a hearing and to rule orally or by written order on his "Motion for a Court Order to the Texas Dept.
of Criminal Justice-Inst. Division to Grant Pretrial Detainer Time Credit on His Twenty-Five Years
Sentence Herein." We deny the writ.

 A trial court abuses its discretion where it (1) has a legal duty to perform a non-discretionary
act, (2) is asked to perform the act, and (3) fails or refuses to do so. Barnes v. State, 832 S.W.2d
424, 426 (Tex. App.- Houston [1st Dist.] 1992, orig. proceeding). When a motion is properly filed
and pending before a trial court, the act of considering and ruling upon that motion is a ministerial
act. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.- Amarillo 2001, orig. proceeding). However,
the trial court has a reasonable time within which to perform this duty. Barnes, 832 S.W.2d at 426. 

 Although the trial court in the case at hand has a legal duty to rule on Relator's motion,
Relator has not shown that he asked the court to conduct a hearing. The appendix to Relator's
petition includes a copy of his letter to the District Clerk transmitting "this motion for filing with the
Court for a ruling after a hearing for evidence." This language, however, is not a formal request for
a hearing, and the appendix contains no other document requesting a hearing on Relator's motion.
Even if Relator's letter can be considered a request for a hearing, Relator must also show that the
trial court has had a reasonable time within which to perform its duty. Relator filed his motion on
September 6, 2002 and his petition for writ of mandamus on November 1, 2002. He therefore
contends, in essence, that two months is a reasonable time for the trial court to conduct a hearing and
rule on his motion.

 What constitutes a reasonable time is dependent upon the circumstances of each case. 
Barnes, 832 S.W.2d at 426. In determining whether a specific length of time is reasonable, an
appellate court may consider, inter alia, (1) the trial court's actual knowledge of the motion, (2) its
overt refusal to act on the motion, (3) the state of the court's docket, (4) the existence of other
judicial and administrative matters which must be addressed first, and (5) the trial court's inherent
power to control its own docket. Chavez, 62 S.W.3d at 229. Although the District Clerk notified
Relator by letter dated October 8, 2002 that his "motion was presented to the judge and returned with
no action having been taken," Relator has furnished no information that allows us to determine the
reason for the trial court's failure to act, the state of its docket, or its schedule. Without such
information, we cannot determine whether two months is a reasonable time for the trial court to
conduct a hearing and rule on Relator's motion. Consequently, Relator has failed to show that he
is entitled to mandamus relief. Accordingly, Relator's petition for writ of mandamus is denied.

 Writ of mandamus denied.

 LOUIS B. GOHMERT, JR. 

 Chief Justice



Opinion delivered November 8, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.











(DO NOT PUBLISH)



 








COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



November 8, in the Year of our Lord 2002



NO. 12-02-00318-CV



IN RE: DAN THOMAS







ORIGINAL PROCEEDING








 ON THIS DAY came to be heard the petition for writ of mandamus filed by
Dan Thomas, who is the defendant in Cause No. 20,692, pending on the docket of the 369th
Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been
filed herein on November 1, 2002, and the same having been duly considered, because it is the
opinion of this Court that A Writ of Mandamus Should Not Issue, it is therefore
CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and
the same is, hereby Denied.

 Louis B. Gohmert, Jr., Chief Justice.

 Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.