# NO. 12-10-00128-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: WILLIAM JAMES STEWART,* *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

In this original proceeding, William James Stewart seeks a writ of mandamus against the trial court for its failure to rule on motions requesting court appointed counsel pursuant to Texas Code of Criminal Procedure articles 1.051 and 64.01(c). We deny the petition.

In a criminal case, mandamus relief is authorized only if the relator establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Where, as here, a relator alleges that a trial court has failed to rule on a properly filed motion, he must show that he has asked the trial court to rule and the trial court has either refused to rule, or has failed to rule within a reasonable time. *See Barnes v. State*, 832 S.W.2d 424, 426-27 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding).

Williams has not furnished a record that shows he has brought his motions to the attention of the trial court or that the trial court refused to rule, or failed to rule within a reasonable time. *See* TEX. R. APP. P. 52.7(a) (requiring a relator to file a certified or sworn copy of every document material to his claim). Therefore, Williams has not shown any abuse of the discretion by the trial court. Accordingly, Williams's petition for writ of mandamus is *denied*.

                                      **BRIAN HOYLE__**
                                            Justice

Opinion delivered May 12, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)