Opinion issued July 2, 2010

 



 



 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NOS. 01-10-00030-CR 

          01-10-00031-CR

____________

 

IN RE ROBERT LEE SMITH, Relator

 

 



Original Proceeding on Petition for Writ of Mandamus

 

 



MEMORANDUM OPINION

          By
petition for writ of mandamus, relator, Robert Lee Smith, pro se, requests that this Court
order respondent to rule on post-conviction motions for DNA testing filed in
trial court cause numbers 961276 and 966324.[3]   We
deny the petitions.

          In
its response to relator’s petitions, the State advises that respondent has
granted relator’s motions for post-conviction DNA testing.  Attached to the State’s response are copies
of the trial court’s orders granting appellant’s requests for DNA testing.[2]  

          There
are three prerequisites for the issuance of a writ of mandamus by an appellate
court, namely:  (1) the lower court must
have a legal duty to perform a nondiscretionary act; (2) the relator must make
a demand for performance; and (3) the subject court must refuse that
request.  Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).  Relator has not provided this Court with a
record that shows that he made a request of respondent to perform a
nondiscretionary act that respondent refused.

          Accordingly,
we deny the petitions for writ of mandamus.

PER CURIAM

Panel consists of Justices Jennings,
Hanks, and Bland. 

Do not publish.  Tex.
R. App. P. 47.2(b).











1       
In two separate cases,
relator was convicted in the 184th
District Court of Harris County, Texas of two separate offenses of aggravated
sexual assault, and his punishment was assessed at confinement for 50 years in
each case.  This Court affirmed
appellant’s convictions.  See Smith v. State, Nos.
01-05-01095-CR, 01-05-01096-CR, 2007 WL 79475 (Tex. App.—Houston [1st Dist.]
Jan. 11, 2007, pet. ref’d) (mem. op.).  

2       
In fact, counsel
appointed to represent relator on his motions for DNA testing has also provided
this Court with copies of the trial court’s orders granting relator’s request
for DNA testing and a copy of his letter to relator informing him that the
Texas Department of Public Safety Crime Lab has been ordered to conduct DNA
testing and to send a report of the results to the trial court.