Opinion issued January 21, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01130-CR

———————————

IN RE clifton jerry landry, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          By
petition for writ of mandamus, relator, Clifton Jerry Landry, complains that the
trial court has not considered various motions and other documents filed by
relator in the underlying case, which is cause number 507035 in the 262nd
District Court of Harris County, Texas.

          Relator’s
petition names the Honorable Mike Anderson as respondent in this mandamus
proceeding.  Judge Anderson, however, no
longer presides over the 262nd District Court; the Honorable Denise Bradley is
the current presiding judge of that court. 
“When a public officer is a party in an official capacity to an appeal
or original proceeding, and if that person ceases to hold office before the
appeal or original proceeding is finally disposed of, the public officer’s
successor is automatically substituted as a party if appropriate.”  Tex.
R. App. P. 7.2(a).  Thus, we
substitute Judge Bradley for Judge Anderson as respondent.  See id.    

          We
acknowledge that, pursuant to Texas Rule of Appellate Procedure 7.2(b), this
Court should abate an original proceeding in which one public officer is
substituted for another as a party in order to “allow the successor to
reconsider the original party’s decision.” 
Tex. R. App. P.
7.2(b).  But we conclude abatement is not
required here.  Relator’s petition will
not support mandamus relief against any respondent because it does not comply
with the rules for original proceedings. 
 Relator has not provided this
Court with certified or sworn copies of the various motions and other documents
about which he complains; nor has he provided any record of when such motions
and documents were filed.  See Tex.
R. App. P. 52.7 (a)(1) (requiring relator to file certified or sworn
copy of documents material to claim for relief); see Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st
Dist.] 1992, orig. proceeding) (denying
mandamus relief for failure to provide sufficient record).  And, given relator’s complaint is that Judge
Anderson did not consider relator’s motions and documents, we would waste
judicial resources by abating this case for reconsideration of a motion or
pleading that has not been considered in the first instance.   See In re Polk, No. 07-08-0271-CV, 2008
WL 3167829, at *1 (Tex. App.—Amarillo Aug. 7, 2008, orig. proceeding) (mem.
op.).   

          Accordingly,
we deny the petition for writ of mandamus.

 

PER CURIAM

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.  

Do
not publish.   Tex. R. App. P. 47.2(b).