NUMBER 13-11-00110-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE:  BENITO LOPEZ

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Garza, Benavides, and Vela

Memorandum Opinion by Justice
Benavides[1]

By petition for
writ of mandamus filed on February 25, 2011, relator, Benito Lopez, pro se,
seeks an order requiring the trial court[2]
to comply with the Interstate Agreement on Detainers Act (the “Act”) and
dismiss relator’s indictment and detainer.  See Tex. Code Crim. Proc. Ann. art. 51.14 (Vernon 2006).  Relator
alleges that he is presently incarcerated in federal prison in South Carolina
and has an outstanding detainer from Kleberg County, Texas.  Relator
specifically complains that he has been denied due process of the law because
the District Attorney of Kleberg County has failed to comply with the Act, and
this failure has denied relator the right to a speedy trial.  We deny the
petition for writ of mandamus.

I.  Standard
of Review

To be entitled to
mandamus relief, relator must establish both that he has no adequate remedy at
law to redress his alleged harm, and that what he seeks to compel is a
ministerial act not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to meet either of
these requirements, then the petition for writ of mandamus should be denied.   See
id.   As to the latter requirement, the court of criminal appeals has
stated that it is satisfied “if the relator can show he has ‘a clear right
to the relief sought’—that is to say, ‘when the facts and circumstances dictate
but one rational decision’ under unequivocal, well-settled (i.e., from extant
statutory, constitutional, or case law sources), and clearly controlling legal
principles.”  Id. 

It is relator’s burden
to properly request and show entitlement to mandamus relief.  Barnes v.
State, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig.
proceeding) (“Even a pro se applicant for a writ of mandamus must show himself
entitled to the extraordinary relief he seeks.”).  In addition to other
requirements, relator must include a statement of facts supported by citations
to “competent evidence included in the appendix or record,” and must also
provide “a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the appendix or record.”  See
generally Tex. R. App. P.
52.3.  In this regard, it is clear that relator must furnish an appendix or
record sufficient to support the claim for mandamus relief.  See id. R.
52.3(k) (specifying the required contents for the appendix); R. 52.7(a)
(specifying the required contents for the record).

II. 
Background

Relator asserts
that, on June 18, 2009, the Kleberg County Sheriff’s Office placed a detainer
on relator by mail with the Inmate Systems Records Office at the Federal
Correctional Institution in Fort Worth, Texas, where relator was serving a
federal prison sentence.  Relator contends that he filed an “inmate request to
staff” at this prison regarding a motion for a speedy trial in Kleberg County
regarding the detainer; however, the staff at the prison did not respond to
relator’s request.  In his appendix, relator has included a copy of the “inmate
request to staff,” which is directed to “Bernard P. Waller/Inmate Systems
Manager” and is dated July 13, 2009.  This form includes the hand-written
notation that stated, “I’d like to talk to you about my detainer out of Kleberg
County to see if we can take care of it before the BOP moves me farther away.” 
The document further provides that, “today 8-21-9 I asked Mr. Waller if [he]
had filed with Kleberg Co. my speedy trial motion and he had not.”  Relator
alleges that he mailed a motion pursuant to the Act on March 16, 2010 to the
Kleberg County District Court and to the Kleberg County District Attorney, and
that these entities received the motion on March 23, 2010.  After waiting 180
days without a response, relator filed a motion to dismiss for failure to
comply with the Act.  According to relator, the Kleberg County authorities still
have not responded to his request or motion.  

 

 

III. 
Interstate Agreement on Detainers Act

The disposition of
an interstate detainer is governed by the Act as codified in the Texas Code of
Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 51.  The Act’s purpose is to “encourage the
expeditious and orderly disposition” of “charges outstanding against a
prisoner, detainers based on untried indictments, informations, or complaints,
and difficulties in securing speedy trial of persons already incarcerated in
other jurisdictions” based on the rationale that such charges and detainers “produce
uncertainties which obstruct programs of prisoner treatment and rehabilitation.”
 See id. art. 51.14, art. I.  The Act outlines the cooperative procedure
between the jurisdictions to be used when one jurisdiction is seeking to try a
prisoner who is currently imprisoned in another jurisdiction.  State v.
Votta, 299 S.W.3d 130, 134-35 (Tex. Crim. App. 2009).  When a state with an
untried indictment, information, or complaint against a prisoner files a
detainer with the institution in the state that is holding the prisoner, the
prison is required to promptly inform the prisoner that a detainer has been
filed against him and that he has the right to request final disposition of the
charges.  Tex. Code Crim. Proc. Ann.
art. 51.14 art. III(c).  The prisoner may then request final disposition by
giving written notice to the warden, who forwards the request, along with a
certificate containing information about the prisoner’s current confinement, to
the prosecuting officer and the appropriate court of the prosecuting officer’s
jurisdiction.  See Votta, 299 S.W.3d at 134-35.  Under article III(a) of
the Act, the prisoner must then be brought to trial in the receiving state within
180 days from the date on which the prosecuting officer and the appropriate
court receive this written request for a final disposition, unless a
continuance is granted under the Act.  See Tex. Code Crim. Proc. Ann. art. 51.14, art. III(a); Votta,
299 S.W.3d at 134-35.  If the prisoner is not brought to trial within 180 days,
the trial court must dismiss the indictment with prejudice.  Tex. Code Crim. Proc. Ann. art. 51.14,
art. III(d); Votta, 299 S.W.3d at 134-35.

Article III of
the Act specifies the procedure to be followed when a prisoner seeks a final
disposition of an outstanding indictment, information, or complaint.  See Tex. Code Crim. Proc. Ann. art. 51.14,
art. III.  In summary, the Act provides that: 

1.    The person
seeking the disposition must cause to be delivered to the prosecuting officer
and the appropriate court of the prosecuting officer’s jurisdiction written
notice of the place of his imprisonment and his request for a final
disposition.

 

2.    The request must
be accompanied by a certificate of the appropriate official having custody of
the prisoner, stating the term of commitment under which the prisoner is being
held, the time already served, the time remaining to be served on the sentence,
the amount of good time earned, the time of parole eligibility of the prisoner,
and any decision of the state parole agency relating to the prisoner.

 

3.    The prisoner
must send the written notice and request for final disposition to the official
having custody of him, who must promptly forward it together with the
certification to the appropriate prosecuting official and court by registered
or certified mail, return receipt requested.

 

See id. art. III(a), (b).

IV.  Analysis

In the instant
case, the appendix accompanying the petition for writ of mandamus includes
copies of:  (1) a letter dated June 18, 2009, from the Kleberg County Sheriff’s
Office requesting the placement of a detainer on relator for “POSSESSION OF
COCAINE W/ INTENT TO DELIVER – FAILURE TO APPEAR;” (2) a form dated July 8,
2009 entitled “IAD  – Notice of Untried Indictment” which informed Lopez about
the detainer and the appropriate procedures to be followed under the Act; (3)
the aforementioned “inmate request to staff;” (4) a “Motion to Comply with
Interstate Agreement on Detainers . . . or, In the Alternative to Dismiss
Charges;” (5) return receipts indicating service of documents on the District
Clerk and District Attorney of Kleberg County on March 23, 2010; and (5) a “Motion
to Dismiss Charges for Failure to Comply with the [Act].”  

We cannot
determine from the record before this Court whether the prescribed and required
procedure was followed in transmitting relator’s documents to the court and
whether the trial court received all of the documentation required by the Act. 
See id. art. 51.14, art. III(a), (b).  Consequently, we cannot conclude
that the trial court has abused its discretion in failing to rule on relator’s
motion.  See id.; see also In re Ivey, No. 03-10-00693-CV, 2010
Tex. App. LEXIS 9198, at *2 (Tex. App.–Austin Nov. 17, 2010, orig. proceeding)
(mem. op.) (“An inmate is not entitled to mandamus relief dismissing the
charges against him under the [Act] if he fails to demonstrate compliance with
the [Act]’s requirements”); In re Cantu, No. 04-09-00527-CR, 2009 Tex.
App. LEXIS 7965, at *2 (Tex. App.–San Antonio Oct. 14, 2009, orig. proceeding)
(mem. op., not designated for publication) (relator must show compliance with
provisions of statute to obtain mandamus relief); In re Montgomery, No.
12-09-00115-CR, 2009 Tex. App. LEXIS 3092, at *3 (Tex. App.–Tyler May 6, 2009,
orig. proceeding) (mem. op., not designated for publication) (same); In re
Hembree, No. 07-05-00320-CV, 2005 Tex. App. LEXIS 7826, at *2 n.2 (Tex.
App.–Amarillo Sept. 23, 2005, orig. proceeding) (mem. op.) (same); Burton v.
State, 805 S.W.2d 564, 575 (Tex. App.–Dallas 1991, pet. ref’d) (holding
that 180-day timeline under the Act did not begin where court was not notified
of request under the Act).

 

 

V. 
Conclusion

The Court, having
examined and fully considered the petition for writ of mandamus and the
applicable law, is of the opinion that relator has not met his burden to obtain
mandamus relief.  See State ex rel. Young, 236 S.W.3d at 210.  Accordingly,
relator’s petition for writ of mandamus is denied.  See Tex. R. App. P. 52.8(a).

 

 

            

                                                                                                __________________________                                               
                                            

                                                                                                GINA
BENAVIDES,

                                                                                                Justice

 

Do not publish.

Tex. R. App. P.
47.2(b).

 

Delivered and filed this the

9th day of March, 2011.

 

             

 

                                                                                                









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).

 





[2]  The respondent in this original
proceeding is the Honorable Angelica E. Hernandez, Presiding Judge of the 105th
District Court of Kleberg County, Texas.