

# NUMBER 13-11-00110-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: BENITO LOPEZ

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Memorandum Opinion by Justice Benavides[1]

By petition for writ of mandamus filed on February 25, 2011, relator, Benito Lopez, pro se, seeks an order requiring the trial court[2] to comply with the Interstate Agreement on Detainers Act (the "Act") and dismiss relator's indictment and detainer. *See* TEX. CODE CRIM. PROC. ANN. art. 51.14 (Vernon 2006). Relator alleges that he is presently incarcerated in federal prison in South Carolina and has an outstanding

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The respondent in this original proceeding is the Honorable Angelica E. Hernandez, Presiding Judge of the 105th District Court of Kleberg County, Texas.

detainer from Kleberg County, Texas. Relator specifically complains that he has been denied due process of the law because the District Attorney of Kleberg County has failed to comply with the Act, and this failure has denied relator the right to a speedy trial. We deny the petition for writ of mandamus.

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet either of these requirements, then the petition for writ of mandamus should be denied. *See id.* As to the latter requirement, the court of criminal appeals has stated that it is satisfied "if the relator can show he has 'a *clear* right to the relief sought'—that is to say, 'when the facts and circumstances dictate but one rational decision' under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.*

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that

relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

## II. BACKGROUND

Relator asserts that, on June 18, 2009, the Kleberg County Sheriff's Office placed a detainer on relator by mail with the Inmate Systems Records Office at the Federal Correctional Institution in Fort Worth, Texas, where relator was serving a federal prison sentence. Relator contends that he filed an "inmate request to staff" at this prison regarding a motion for a speedy trial in Kleberg County regarding the detainer; however, the staff at the prison did not respond to relator's request. In his appendix, relator has included a copy of the "inmate request to staff," which is directed to "Bernard P. Waller/Inmate Systems Manager" and is dated July 13, 2009. This form includes the hand-written notation that stated, "I'd like to talk to you about my detainer out of Kleberg County to see if we can take care of it before the BOP moves me farther away." The document further provides that, "today 8-21-9 I asked Mr. Waller if [he] had filed with Kleberg Co. my speedy trial motion and he had not." Relator alleges that he mailed a motion pursuant to the Act on March 16, 2010 to the Kleberg County District Court and to the Kleberg County District Attorney, and that these entities received the motion on March 23, 2010. After waiting 180 days without a response, relator filed a motion to dismiss for failure to comply with the Act. According to relator, the Kleberg County authorities still have not responded to his request or motion.

3

### III. INTERSTATE AGREEMENT ON DETAINERS ACT

The disposition of an interstate detainer is governed by the Act as codified in the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 51. The Act's purpose is to "encourage the expeditious and orderly disposition" of "charges outstanding against a prisoner, detainers based on untried indictments, informations, or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions" based on the rationale that such charges and detainers "produce uncertainties which obstruct programs of prisoner treatment and rehabilitation." *See id.* art. 51.14, art. I. The Act outlines the cooperative procedure between the jurisdictions to be used when one jurisdiction is seeking to try a prisoner who is currently imprisoned in another jurisdiction. *State v. Votta*, 299 S.W.3d 130, 134-35 (Tex. Crim. App. 2009). When a state with an untried indictment, information, or complaint against a prisoner files a detainer with the institution in the state that is holding the prisoner, the prison is required to promptly inform the prisoner that a detainer has been filed against him and that he has the right to request final disposition of the charges. TEX. CODE CRIM. PROC. ANN. art. 51.14 art. III(c). The prisoner may then request final disposition by giving written notice to the warden, who forwards the request, along with a certificate containing information about the prisoner's current confinement, to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction. *See Votta*, 299 S.W.3d at 134-35. Under article III(a) of the Act, the prisoner must then be brought to trial in the receiving state within 180 days from the date on which the prosecuting officer and the appropriate court receive this written request for a final disposition, unless a continuance is granted under the Act. *See* TEX. CODE CRIM. PROC. ANN. art. 51.14, art.

III(a); *Votta*, 299 S.W.3d at 134-35. If the prisoner is not brought to trial within 180 days, the trial court must dismiss the indictment with prejudice. TEX. CODE CRIM. PROC. ANN. art. 51.14, art. III(d); *Votta*, 299 S.W.3d at 134-35.

Article III of the Act specifies the procedure to be followed when a prisoner seeks a final disposition of an outstanding indictment, information, or complaint. *See* TEX. CODE CRIM. PROC. ANN. art. 51.14, art. III. In summary, the Act provides that:

1. The person seeking the disposition must cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition.

2. The request must be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the state parole agency relating to the prisoner.

3. The prisoner must send the written notice and request for final disposition to the official having custody of him, who must promptly forward it together with the certification to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

*See id.* art. III(a), (b).

## IV. ANALYSIS

In the instant case, the appendix accompanying the petition for writ of mandamus includes copies of: (1) a letter dated June 18, 2009, from the Kleberg County Sheriff's Office requesting the placement of a detainer on relator for "POSSESSION OF COCAINE W/ INTENT TO DELIVER – FAILURE TO APPEAR;" (2) a form dated July 8, 2009 entitled "IAD – Notice of Untried Indictment" which informed Lopez about the detainer and the appropriate procedures to be followed under the Act; (3) the aforementioned "inmate request to staff;" (4) a "Motion to Comply with Interstate

5

Agreement on Detainers . . . or, In the Alternative to Dismiss Charges;" (5) return receipts indicating service of documents on the District Clerk and District Attorney of Kleberg County on March 23, 2010; and (5) a "Motion to Dismiss Charges for Failure to Comply with the [Act]."

We cannot determine from the record before this Court whether the prescribed and required procedure was followed in transmitting relator's documents to the court and whether the trial court received all of the documentation required by the Act. *See id.* art. 51.14, art. III(a), (b). Consequently, we cannot conclude that the trial court has abused its discretion in failing to rule on relator's motion. *See id.*; *see also In re Ivey*, No. 03-10-00693-CV, 2010 Tex. App. LEXIS 9198, at *2 (Tex. App.–Austin Nov. 17, 2010, orig. proceeding) (mem. op.) ("An inmate is not entitled to mandamus relief dismissing the charges against him under the [Act] if he fails to demonstrate compliance with the [Act]'s requirements"); *In re Cantu*, No. 04-09-00527-CR, 2009 Tex. App. LEXIS 7965, at *2 (Tex. App.–San Antonio Oct. 14, 2009, orig. proceeding) (mem. op., not designated for publication) (relator must show compliance with provisions of statute to obtain mandamus relief); *In re Montgomery*, No. 12-09-00115-CR, 2009 Tex. App. LEXIS 3092, at *3 (Tex. App.–Tyler May 6, 2009, orig. proceeding) (mem. op., not designated for publication) (same); *In re Hembree*, No. 07-05-00320-CV, 2005 Tex. App. LEXIS 7826, at *2 n.2 (Tex. App.–Amarillo Sept. 23, 2005, orig. proceeding) (mem. op.) (same); *Burton v. State*, 805 S.W.2d 564, 575 (Tex. App.–Dallas 1991, pet. ref'd) (holding that 180-day timeline under the Act did not begin where court was not notified of request under the Act).

6

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief.  *See State ex rel. Young*, 236 S.W.3d at 210.  Accordingly, relator's petition for writ of mandamus is denied.  *See* TEX. R. APP. P. 52.8(a).

_____
GINA BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
9th day of March, 2011.