NUMBER 13-11-00360-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE BARRY DWAYNE MINNFEE

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and
Perkes

Memorandum Opinion Per Curiam[1]

Relator, Barry
Dwayne Minnfee, proceeding pro se, filed a petition for writ of mandamus on
June 8, 2011.  The petition for writ of mandamus is unclear regarding the
identity of the real parties in interest and/or the respondent, the specific
actions or orders complained of in this original proceeding, or the nature of
the extraordinary relief sought by relator. 

To be entitled to
mandamus relief, relator must establish both that he has no adequate remedy at
law to redress his alleged harm, and that what he seeks to compel is a
ministerial act not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to meet both of these
requirements, then the petition for writ of mandamus should be denied.   See
id.   It is relator’s burden to properly request and show entitlement to
mandamus relief.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston
[1st Dist.] 1992, orig. proceeding) (“Even a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.”).  In
addition to other requirements, relator must include a statement of facts
supported by citations to “competent evidence included in the appendix or
record,” and must also provide “a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the appendix
or record.”  See generally Tex.
R. App. P. 52.3.  In this regard, it is clear that relator must furnish
an appendix or record sufficient to support the claim for mandamus relief.  See
id. R. 52.3(k) (specifying the required contents for the appendix); R.
52.7(a) (specifying the required contents for the record).

The Court, having
examined and fully considered the petition for writ of mandamus and the
applicable law, is of the opinion that relator has not met his burden to obtain
mandamus relief.  See State ex rel. Young, 236 S.W.3d at 210.  Accordingly,
relator’s petition for writ of mandamus is denied.  See Tex. R. App. P. 52.8(a).

 

 

                                               
                                            

                                                                                    PER
CURIAM

 

 

Delivered and filed the

9th day of June, 2011.

                        









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).