Opinion issued June 30, 2011

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00475-CR

NO. 01-11-00476-CR

———————————

IN RE JOHN
EAGLIN, Relator



 



 



Original Proceeding on Petition for Writ of Mandamus

 



 

MEMORANDUM OPINION

Relator, John Eaglin, has filed a pro se petition for writ of
mandamus, asking this court to direct respondent*
to rule on relator’s motions to dismiss and “to recuse” his appointed counsel.  Relator claims that he filed the motions
several months ago in two criminal actions pending against him in the trial
court.

We deny the petition for writ of mandamus.

To establish that the trial court abused its discretion by
failing to rule, a relator must show that the trial court (1) had a legal duty
to perform a nondiscretionary act, (2) was asked to perform that act, and (3)
failed or refused to do so.  See Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.—Houston
[1st Dist.] 1992, orig. proceeding).  Specifically,
a relator must show that the trial court received the motion, was aware of it,
and was asked to rule on the motion.  See id. 
Here, relator has not provided this court with a file stamped copy of
the motions at issue or any other documents to show that a properly filed
motion is pending before the trial court.  See id;
see also Tex. R. App. P. 52.7(a) (providing that relator must file with
petition a certified or sworn copy of every document that is material to relator’s
claim for relief and that was filed in any underlying proceeding); Tex. R. App. P 52.3(k) (requiring
certified or sworn copy of any order complained of, or any other document
showing matter complained of, to be included in appendix).  In addition, relator has not provided us with
a record showing that the trial court received his motion, was aware of it, was
asked to rule on it, and refused to rule.  See
Barnes, 832 S.W.2d at 426.  Even a
pro se petitioner for a writ of mandamus must show himself entitled to the
extraordinary relief he seeks.  See id.

Accordingly, we deny the petition for writ of mandamus.  See Tex. R. App. P. 52.8(a).

 

PER CURIAM

Panel
consists of Justices Keyes, Higley, and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).











*           Respondent
is The Honorable Randy Roll of the 179th District Court, Harris County,
Texas.  Relator informs us that these
original proceedings arise out of Cause Nos. 1226345 & 1226346, styled State of Texas v. John Eaglin, pending
in the 179th District Court, Harris County, Texas, the Honorable Randy Roll,
presiding.