NUMBER 13-11-00499-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE DANIEL RODRIGUEZ

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez and
Garza

Memorandum Opinion Per Curiam[1]

Relator, Daniel
Rodriguez, filed a pro se petition for writ of mandamus in the above cause on
July 29, 2011.[2] 
Relator contends that the trial court erred in failing to either issue a writ
of habeas corpus or explain its reasons for denying the writ.  The court
requested and received a response to the petition for writ of mandamus from the
State of Texas.

To be entitled to
mandamus relief, relator must establish both that he has no adequate remedy at
law to redress his alleged harm, and that what he seeks to compel is a
ministerial act not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to meet both of these
requirements, then the petition for writ of mandamus should be denied.   See
id.   It is relator’s burden to properly request and show entitlement to
mandamus relief.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston
[1st Dist.] 1992, orig. proceeding) (“Even a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.”).  

The Court, having
examined and fully considered the petition for writ of mandamus and the response
thereto, is of the opinion that relator has not met his burden to obtain
mandamus relief.  See State ex rel. Young, 236 S.W.3d at 210.  Accordingly,
relator’s petition for writ of mandamus is denied.  See Tex. R. App. P. 52.8(a).

 

 

                                               
                                            

                                                                                    PER
CURIAM

 

Do not publish.  

Tex. R. App. P.
47.2(b).

Delivered and filed the

26th day of August, 2011.

 

                                                            









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).

 





[2]  Relator also filed a “Motion for
Leave to File . . . an Original Petition for a Writ of Mandamus.”  Relator's
motion for leave to file his petition for writ of mandamus is dismissed as
moot.  The Texas Rules of Appellate Procedure no longer require the relator to
file a motion for leave to file an original proceeding.  See generally Tex. R. App. P. 52 & cmt.