NUMBER 13-11-00552-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE BARRY DWAYNE MINNFEE

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and
Perkes

Memorandum Opinion Per Curiam[1]

Relator, Barry
Dwayne Minnfee, proceeding pro se, filed a petition for writ of mandamus on
August 25, 2011.[2] 
The petition for writ of mandamus is unclear regarding the specific actions or
orders complained of in this original proceeding or the nature of the
extraordinary relief sought by relator. 

To be entitled to
mandamus relief, relator must establish both that he has no adequate remedy at
law to redress his alleged harm, and that what he seeks to compel is a
ministerial act not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to meet both of these
requirements, then the petition for writ of mandamus should be denied.   See
id.   It is relator’s burden to properly request and show entitlement to
mandamus relief.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston
[1st Dist.] 1992, orig. proceeding) (“Even a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.”).  In
addition to other requirements, relator must include a statement of facts
supported by citations to “competent evidence included in the appendix or
record,” and must also provide “a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the appendix
or record.”  See generally Tex.
R. App. P. 52.3.  In this regard, it is clear that relator must furnish
an appendix or record sufficient to support the claim for mandamus relief.  See
id. R. 52.3(k) (specifying the required contents for the appendix); R.
52.7(a) (specifying the required contents for the record).

The Court, having
examined and fully considered the petition for writ of mandamus and the
applicable law, is of the opinion that relator has not met his burden to obtain
mandamus relief.  See State ex rel. Young, 236 S.W.3d at 210.  Accordingly,
relator’s petition for writ of mandamus is denied.  See Tex. R. App. P. 52.8(a).

 

                                                                                    PER
CURIAM

 

Delivered and filed the 

31st day of August, 2011.

                        









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).

 





[2] The Court has considered and
dismissed or denied numerous other pro se original proceedings or pro se
appeals filed by relator.  See generally In re Minnfee, No.
13-11-00530-CV, 2011 Tex. App. LEXIS ___ (Tex. App.—Corpus Christi Aug. 24,
2011, orig. proceeding) (mem. op. per curiam); Minnfee v. Sweetin, No.
13-11-00152-CV, 2011 Tex. App. LEXIS 4972, at **1–2 (Tex. App.—Corpus Christi
June 30, 2011, no pet.) (mem. op. per curiam); In re Minnfee, No.
13-11-00399-CV, 2011 Tex. App. LEXIS 4973, at **1–2 (Tex. App.—Corpus Christi
June 30, 2011, orig. proceeding) (mem. op. per curiam); In re Minnfee,
No. 13-11-00368-CV, 2011 Tex. App. LEXIS 4498, at **1–2 (Tex. App.—Corpus
Christi June 13, 2011, orig. proceeding) (mem. op. per curiam); In re
Minnfee, No. 13-11-00360-CV, 2011 Tex. App. LEXIS 4373, at **1–2 (Tex.
App.—Corpus Christi June 9, 2011, orig. proceeding) (mem. op. per curiam); In
re Minnfee, No. 13-09-00429-CV, 2009 Tex. App. LEXIS 5836, at **1–2 (Tex.
App.—Corpus Christi July 28, 2009, orig. proceeding) (mem. op. per curiam); In
re Minnfee, No. 13-09-00268-CV, 2009 Tex. App. LEXIS 5030, at **1–2 (Tex.
App.—Corpus Christi May 18, 2009, orig. proceeding) (mem. op. per curiam); In
re Minnifee, No. 13-09-108-CV, 2009 Tex. App. LEXIS 4933 (Tex. App.—Corpus
Christi Apr. 2, 2009, orig. proceeding) (mem. op. per curiam); In re Minnfee,
No. 13-09-00108-CV, 2009 Tex. App. LEXIS 1559, at *1 (Tex. App.—Corpus Christi
Feb. 27, 2009, orig. proceeding) (mem. op. per curiam); In re Minnfee,
No. 13-08-00561-CV, 2008 Tex. App. LEXIS 7946 , at **1–2 (Tex. App.—Corpus
Christi Oct. 15, 2008, orig. proceeding) (mem. op. per curiam).