**Martin Shelby ,BARNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00192–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 12, 1992.

---

Martin Barnes, pro se.

John B. Holmes, Houston, for appellee.

Before DUGGAN, DUNN and O'CONNOR, JJ.

## OPINION

PER CURIAM.

Martin Shelby Barnes, relator, acting pro se, filed two applications for writ of manda-mus. In "Application for Writ of Error #1," relator asks us to direct the 209th District Court of Harris County, the respondent, to release relator for violating relator's Sixth Amendment right to a speedy trial, in cause number 598527, styled "The State of Texas vs. Martin Shelby Barnes." Relator, defendant in that cause, was charged with the crime of aggravated assault. Relator states that the indictment or information was returned to the 209th District Court on May 24, 1991. On August 19, 1991, relator filed a motion for a speedy trial. In this mandamus, relator claims the right to a habeas corpus hearing to determine the lawfulness of the arrest.

In "Application for Writ of Error #2," relator asks us to direct the 209th District Court of Harris County, the respondent, to release relator for violating relator's Fourth Amendment rights, due process and equal protection rights in the same cause. On August 19, 1991, relator filed a motion for writ of habeas corpus under TEX.CODE CRIM.PROC.ANN. art. 11.04. In the mandamus number 2, relator claims the right to a habeas corpus hearing to determine the lawfulness of his arrest. The relator states that he was arrested on May 18, 1991, without probable cause.

The relator's petitions are defective under TEX.R.APP.P. 121 in a number of respects: the relator did not file motions for leave to file the petitions; the relator did not attach a copy of the petition for writ of habeas corpus to his petitions for writ of mandamus, as required by subsection (a)(2)(C); although relator is in jail and filed the applications for writ pro se, the relator did not state he is unable to pay for copies of the petition for writ of habeas corpus; and the petitions do not contain a certificate of service or a certificate explaining the absence of service, required to comply with subsection (a)(2)(G). Although the assistance of an attorney could have prevented those defects, relator has a right under our rules to forego the services of an attorney and to elect to represent himself. *Ayres v. Canales*, 790 S.W.2d 554, 557 (Tex.1990); *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex.1983).

The United States Supreme Court directs us to review pro se applications with less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Thus, we review the relator's applications for mandamus with patience and liberality to determine the merits of the complaints. *Johnson v. McAdams*, 781 S.W.2d 451, 452 (Tex.App.—Houston [1st Dist.] 1989) (orig. proceeding); *see also Ex parte Benavides*, 801 S.W.2d 535, 537 (Tex. App.—Houston [1st Dist.] 1990, writ dism'd w.o.j.).

A more than generous reading of relator's two applications for writ of mandamus shows that in both instances he complains that he is being held illegally and the trial court has denied him a hearing on his motion for habeas corpus. Although we will generously read the relator's petition, we will hold the relator to the same procedural standards we apply to other litigants.

■ There are generally three prerequisites for the issuance of a writ of mandamus by an appellate court: (1) the lower court must have a legal duty to perform a nondiscretionary act; (2) the relator must make a demand for performance; and (3) the subject court must refuse that request. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex.1979).

■ When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act. *See Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157 (Tex.1992) (mandamus conditionally issued to compel trial court to conduct a hearing); *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex.App.—El Paso 1987, orig. proceeding) (en banc). In such circumstances, a trial court must consider and rule upon the motion within what, when all the surrounding circumstances are taken into account, constitutes a reasonable time. *See Kissam v. Williamson*, 545 S.W.2d 265, 267 (Tex.App.—Tyler 1976, orig. proceeding) (under statute permitting mandamus to compel lower court to proceed to trial and judgment but silent as to time, mandamus would issue when lower court

had not acted "within a reasonable time"); *see also Crouch v. Shields*, 385 S.W.2d 580, 582 (Tex.App.—Dallas 1964, writ ref'd n.r.e.) (where probate judge had had more than a "reasonable time" to consider merits of application but still refused to act, district court properly issued writ of mandamus compelling probate judge to hold hearing). This rule does not intrude upon the trial court's discretion, because a trial court has no discretion to refuse to act. The trial court's judicial discretion extends instead to its decision how to rule after it considers a motion properly before it, and an appeals court may not issue a writ of mandamus to compel a trial court to rule a certain way on that motion. *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 682 (1956). We review the rulings produced by the exercise of that judicial power in the normal appellate process. A refusal to rule within a reasonable time would frustrate that process and, moreover, would constitute a denial of due course of law, *Baluch v. Miller*, 774 S.W.2d 299, 301–302 (Tex. App.—Dallas 1989, orig. proceeding). Consequently, mandamus is available to compel a trial court to make a ruling within a reasonable time. *Womack*, 291 S.W.2d at 682; *Curry*, 726 S.W.2d at 128.

■ Although relator has satisfied the first prerequisite for the issuance of a writ of mandamus by this Court, he has not satisfied the remaining two prerequisites. The relator has not provided us with a record that shows that, after he filed his motions, relator asked the trial court for a hearing and a ruling on his motions and the trial court refused to hold a hearing and to rule. From this record, it appears the relator did not take any action to alert the trial court that it had not yet considered his two motions. Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks. *See Ex parte Benavides*, 801 S.W.2d 535, 537 (Tex.App.—Houston [1st Dist.] 1990, writ dism'd w.o.j.) (application for habeas corpus relief by indigent). Relator has not done so.

We deny the relator's petition for writ of mandamus for the following reasons under

TEX.R.APP.P. 121: the relator did not file motions for leave to file the petitions; the relator did not attach a copy of the petition for writ of habeas corpus to his petitions for writ of mandamus, as required by subsection (a)(2)(C) and the relator did not state he is unable to pay for copies of the petition for writ of habeas corpus; and the petitions do not contain a certificate of service or a certificate explaining the absence of service, required to comply with subsection (a)(2)(G).

We also deny relator's petition for writ of mandamus for failing to meet two of the three prerequisites for mandamus relief, that is the relator did not show (1) he asked the trial court to rule on his petition for writ of habeas corpus and (2) the trial court refused to rule on his petition.

Leave to file the petitions for writs of mandamus is DENIED.

It is so ORDERED.