Opinion issued May 14, 2009







 



 
 

In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00245-CR
____________

IN RE JAMES RAY JACKSON, SR., Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
               Relator, James Ray Jackson, Sr., has filed a motion for leave to file a writ
of mandamus and a petition for writ of mandamus. In his petition relator complains
that the trial court has not responded to his requests for the record of trial court cause
number 1079042. Appellant requests that this Court “issue a writ of mandamus
directing the respondent to act, make his trial records available in order that he may
perfect a meaningful appeal by way of application for writ of habeas corpus.” We
note that this Court issued an opinion on February 12, 2009 affirming the judgment
of the trial court in case number 1079042, appeals number 01-08-00139-CR. No
motion for rehearing was filed. We deny the petition for writ of mandamus. 
               Relator’s petition does not meet the requirements of the Texas Rules of
Appellate Procedure. First, relator has not provided proof of service on a named
respondent. A petition for an original proceeding is commenced by filing a petition
with the clerk of the appropriate appellate court. The petition must be captioned “In
re [name of relator]. See Tex. R. App. P. 52.1. Relator has attached to his petition,
a certificate of service which states that relator certifies “that a true and correct copy
of the foregoing application for writ of mandamus has been forwarded to the Court
by placing same in the U.S. mail postage prepaid addressed as above.” Relator 
incorrectly styles the petition “James Ray Jackson, Sr., Relator v. The 351st Judicial
District Court.” Second, the certificate of service does not comply with Texas Rule
of Procedure 9.5 because it does not state: (1) the date and manner of service and (2)
the name and address of each person served. See Tex. R. App. P. 9.5 (e). Further,
relator’s petition does not conform to the requirements of the Texas Rules of
Appellate Procedure because it fails to include a table of contents, an index of
authorities, a statement of the case with the name of the respondent judge, a statement
of facts supported by citation to competent evidence included in the appendix or
record, a certification that states that the person filing the petition has reviewed the
petition and concluded that every factual statement in the petition is supported by
competent evidence included in the appendix or record, or an appendix that contains
a certified or sworn copy of any order complained of, or any other document showing
the matter complained of.


 See Tex. R. App. P. 52.3 (b), (c), (d), (g), (j), (k). This
Court has previously stated, that although we generously read a pro se litigant’s
petition in an original proceeding, that we will hold “the relator to the same
procedural standards we apply to other litigants.” Barnes v. State, 832 S.W.2d 424,
426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). 
               Moreover, there are three prerequisites for the issuance of a writ of
mandamus by an appellate court, namely: (1) the lower court must have a legal duty
to perform a nondiscretionary act; (2) the relator must make a demand for
performance; and (3) the subject court must refuse that request. Barnes at 426.
Relator has not attached any document that establishes that his motion for records
was properly filed, that he requested the respondent to make a ruling on his motion,
and that the respondent has failed or refused to rule. Id at 426. 
               The petition for leave to file is denied. See Tex. R. App. P. 52.1. 
               The petition for writ of mandamus is denied.
               It is so ORDERED.
PER CURIAM

Panel consists of Chief Justice Radack, and Justices Alcala and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).