Opinion issued June 3, 2009




 








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00199-CR

____________


IN RE CLARENCE MCKELVEY, JR., Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION (1)

 Relator, Clarence McKelvey, Jr., has filed a petition for writ of mandamus
requesting that this Court compel respondent (2) to appoint counsel and rule on his
motion for DNA testing in trial court cause number 502469. The State has responded
to the petition, requesting we deny the petition because Relator has not shown he is
indigent and that the trial court has not found that reasonable grounds exist for the
filing of a Chapter 64 request or motion. We deny the petition. 

 First, relator's petition does not meet the requirements of the Texas Rules
of Appellate Procedure. For example, it does not include an appendix that contains
a certified or sworn copy of any order complained of, or any other document showing
the matter complained of, and does not certify that a copy was served on respondent. (3) 
See Tex. R. App. P. 9.5, 52.3(j). Additionally, relator's petition does not conform to
Rule 52.3 in that the petition does not contain a table of contents, an index of
authorities, and a statement that the person filing the petition certifies that he has
reviewed the petition and concluded that every factual statement in the petition is
supported by competent evidence included in the appendix or record. See Tex. R.
App. P. 52.3 (b), (c), (j). (4)

 Morever, there are three prerequisites for the issuance of a writ of
mandamus by an appellate court, namely: (1) the lower court must have a legal duty
to perform a nondiscretionary act; (2) the relator must make a demand for
performance; and (3) the subject court must refuse that request. Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding). Relator
has not provided us with a record that shows that he made any request of respondent
to perform a nondiscretionary act that respondent refused.

 Although we generously read a pro se litigant's petition in an original
proceeding we hold "the relator to the same procedural standards we apply to other
litigants." Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.]
1992, orig. proceeding). In this case, relator has not provided us with a record that
shows that he made any request of respondent to perform a nondiscretionary act that
respondent refused. See id. at 426.

 The petition for writ of mandamus is denied.

 It is so ORDERED.

PER CURIAM


Panel consists of Justices Jennings, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. Relator filed a pro se petition for writ of mandamus. Alan Curry, Assistant
District Attorney, Harris County, Texas filed a response. 
2. Respondent is named as "The 176th District Court." Relator did not serve the
presiding judge of the 176th District Court, the Honorable Shawna L. Reagin.
3. The certificate of service attached to relator's petition for writ of mandamus
states that a copy of the petition for writ of mandamus was served on:
Christopher A. Prine. Mr. Prine is the Clerk of the Fourteenth Court of
Appeals. Relator did not name or serve the trial court judge for the 176th
District Court, Judge Shawna L. Reagin, and does not state that he filed or sent
a copy of his petition for writ of mandamus to the 176th Court. 
4. Relator does generally state the he "declares under penalty of perjury that the
foregoing is true and correct" but he does not specifically state that he has
reviewed the petition and concluded that he has reviewed the petition and
concluded that every factual statement in the petition is supported by
competent evidence included in the appendix or record. See Tex. R. App. P.
52.2 (j).