Opinion issued July 7, 2009













 
In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00496-CR
____________

IN RE LORENZO RUBIO QUINTERO, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
          Relator, Lorenzo Rubio Quintero, has filed in this Court a petition for writ of
mandamus, requesting that this Court order the trial court judge


 to appoint counsel
to represent him in a post conviction DNA proceeding in cause number 741722. 
Relator also requests that this Court compel respondent “to hold a hearing and rule
on relator’s motion for DNA testing.”                     
          First, relator’s petition does not meet the requirements of Rule 52.3(j) of the
Texas Rules of Appellate Procedure because does not contain the required
certification that states that the person filing the petition has reviewed the petition and
concluded that every factual statement in the petition is supported by competent
evidence included in the appendix or record. See Tex. R. App. P. 52.3 (j). In
addition, relator’s petition does not meet the requirements of Rule 52.3 of the Rules
of Appellate Procedure because it does not include a an appendix that contains a
certified or sworn copy of any order or opinion complained of.


 See Tex. R. App. P.
52.3(k). 
          Morever, there are three prerequisites for the issuance of a writ of mandamus
by an appellate court, namely: (1) the lower court must have a legal duty to perform
a nondiscretionary act; (2) the relator must make a demand for performance; and (3)
the subject court must refuse that request. Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). In this case, relator has not
provided us with a record that complies with Rule 52.2 of the Texas Rules of
Appellate Procedure and has not shown that the trial court judge has failed to rule on
any properly filed motions or made a demand to the trial court judge to rule on his
motions or that the trial court judge has refused his request to rule on his motions. 
Although we generously read a pro se litigant’s petition in an original proceeding,
we hold “the relator to the same procedural standards we apply to other litigants.” 
See id. at 426.
          A motion for leave to file is no longer required to commence an original
proceeding. See Tex. R. App. P. 52.1. We deny relator’s motion for leave to file.
           We deny the petition for writ of mandamus.
PER CURIAM
Panel consists of Chief Justice Radack and Justices Sharp and Taft.



Do not publish. Tex. R. App. P. 47.2(b)