

# NUMBERS 13-11-00233-CR, 13-11-00234-CR, 13-11-00235-CR, 13-11-00236-CR, & 13-11-00237-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RAMON GONZALEZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Per Curiam Memorandum Opinion[1]

Relator, Ramon Gonzalez, pro se, filed a petition for writ of mandamus in the above causes on April 11, 2011. We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* As to the latter requirement, the court of criminal appeals has stated that it is satisfied "if the relator can show he has 'a clear right to the relief sought'—that is to say, "when the facts and circumstances dictate but one rational decision" under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *See id.*

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* Tex. R. App. P. 52.3. In this regard, it is fundamental that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief

2

sought, and the petition for writ of mandamus in each of these causes should be denied.

See TEX. R. APP. P. 52.8.  Accordingly, the petition for writ of mandamus is DENIED.

PER CURIAM

Do not publish.  See Tex. R. App. P. 47.2(b).

Delivered and filed the
18th day of April, 2011.