NUMBERS 13-11-00233-CR, 13-11-00234-CR,

13-11-00235-CR, 13-11-00236-CR, & 13-11-00237-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE RAMON GONZALEZ

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Garza, Vela, and Perkes

Per Curiam Memorandum Opinion[1]

            Relator, Ramon Gonzalez,
pro se, filed a petition for writ of mandamus in the above causes on April 11,
2011.  We deny the petition for writ of mandamus.

To be entitled to
mandamus relief, relator must establish both that he has no adequate remedy at
law to redress his alleged harm, and that what he seeks to compel is a
ministerial act not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to meet both of these
requirements, then the petition for writ of mandamus should be denied.   See
id.   As to the latter requirement, the court of criminal appeals has
stated that it is satisfied “if the relator can show he has ‘a clear right to
the relief sought’—that is to say, “when the facts and circumstances dictate
but one rational decision” under unequivocal, well-settled (i.e., from extant
statutory, constitutional, or case law sources), and clearly controlling legal
principles.”  See id. 

It is relator’s burden
to properly request and show entitlement to mandamus relief.  Barnes v.
State, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig.
proceeding) (“Even a pro se applicant for a writ of mandamus must show himself
entitled to the extraordinary relief he seeks.”).  In addition to other
requirements, relator must include a statement of facts supported by citations
to “competent evidence included in the appendix or record,” and must also
provide “a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the appendix or record.”  See generally
Tex. R. App. P. 52.3.  In this
regard, it is fundamental that relator must furnish an appendix or record
sufficient to support the claim for mandamus relief.  See id. R. 52.3(k)
(specifying the required contents for the appendix); R. 52.7(a) (specifying the
required contents for the record).

            The Court, having
examined and fully considered the petition for writ of mandamus, is of the
opinion that relator has not shown himself entitled to the relief sought, and
the petition for writ of mandamus in each of these causes should be denied. 
See Tex. R. App. P. 52.8.  Accordingly,
the petition for writ of mandamus is DENIED. 

 

 

                                                                                                PER
CURIAM

 

Do not publish.  See Tex. R. App. P. 47.2(b).

 

Delivered and filed the

18th day of April, 2011.

                                                









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).