NUMBERS 13-11-00273-CR, 13-11-00274-CR,

AND 13-11-00275-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE BILLY JOE HARRIS

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez and
Benavides

Memorandum Opinion Per Curiam[1]

Relator, Billy Joe
Harris, filed a petition for writ of mandamus in the above causes on April 29,
2011.  Relator contends that the trial court abused its discretion (1) in
“refusing to allow a retained psychologist to examine the defendant,” and (2)
by issuing a “gag” order which requires relator to cease publishing an
advertisement in a local newspaper.  The Court requested and received a
response to the petition for writ of mandamus from the real party in interest,
the State of Texas, acting by and through the District Attorney in and for
Jackson County, Texas.  

To be entitled to
mandamus relief, relator must establish both that he has no adequate remedy at
law to redress his alleged harm, and that what he seeks to compel is a
ministerial act not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to meet both of these
requirements, then the petition for writ of mandamus should be denied.   See
id.   It is relator’s burden to properly request and show entitlement to
mandamus relief.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston
[1st Dist.] 1992, orig. proceeding) (“Even a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.”).  

The Court, having
examined and fully considered the petition for writ of mandamus and the response
thereto, is of the opinion that relator has not met his burden to obtain
mandamus relief.  See State ex rel. Young, 236 S.W.3d at 210.  Accordingly,
relator’s petition for writ of mandamus in these causes is denied.  See Tex. R. App. P. 52.8(a).

 

                                            
                                            

                                                                                                            PER
CURIAM

 

Do not publish.  Tex.
R. App. P. 47.2(b).

 

Delivered and filed the

12th day of May, 2011.

 

                                                            









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).