NUMBER 13-11-00307-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE KHARI GREENE

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Garza, Vela, and Perkes

Memorandum Opinion Per Curiam[1]

Relator, Khari
Greene, pro se, filed a petition for writ of mandamus in the above cause on May
16, 2011 through which he seeks to compel the trial court “to entertain [and]
and execute” relator’s cause.  We deny the petition as stated herein.

To be entitled to
mandamus relief, relator must establish both that he has no adequate remedy at
law to redress his alleged harm, and that what he seeks to compel is a
ministerial act not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to meet both of these
requirements, then the petition for writ of mandamus should be denied.   See
id.   It is relator’s burden to properly request and show entitlement to
mandamus relief.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston
[1st Dist.] 1992, orig. proceeding) (“Even a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.”).  In
addition to other requirements, relator must include a statement of facts
supported by citations to “competent evidence included in the appendix or
record,” and must also provide “a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the appendix
or record.”  See generally Tex.
R. App. P. 52.3.  In this regard, it is clear that relator must furnish
an appendix or record sufficient to support the claim for mandamus relief.  See
id. R. 52.3(k) (specifying the required contents for the appendix); R.
52.7(a) (specifying the required contents for the record).

The Court, having
examined and fully considered the petition for writ of mandamus, is of the
opinion that relator has not met his burden to obtain mandamus relief.  See State
ex rel. Young, 236 S.W.3d at 210.  Accordingly, relator’s petition for writ
of mandamus is denied.  See Tex.
R. App. P. 52.8(a).

                                               
                                            

                                                                                    PER
CURIAM

 

Do not publish.  Tex.
R. App. P. 47.2(b).

 

Memorandum Opinion delivered and 

filed this the 17th day of May, 2011.

 

                                                            









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).