

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00114-CR

_____


IN RE:   BROCK JERNIGAN



Original Mandamus Proceeding



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Brock Jernigan has petitioned this Court for mandamus relief. He complains of the trial court's order denying Jernigan an appeal bond.[1] Since Jernigan has an adequate remedy by appeal, we deny his request for mandamus relief.

The standard for mandamus relief articulated by the Texas Court of Criminal Appeals requires the relator to establish that (1) there is no adequate remedy at law to redress the alleged harm; and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *State ex. rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Due to the nature of this remedy, it is Jernigan's burden to properly request and show entitlement to the mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Texas Code of Criminal Procedure expressly provides that a trial court's order regarding an appeal bond may be appealed. TEX. CODE CRIM. PROC. ANN. art. 44.04(g) (West 2006). Because Jernigan has a right to appeal the trial court's order, mandamus is not available.

---

[1] From the record before us, it appears Jernigan was placed on deferred adjudication community supervision, subsequently adjudicated and sentenced to five years' incarceration. He requested a bond while he appealed his conviction and sentence, but the trial court denied bond. In the trial court's order, that court stated its ruling was based on the pendency of another offense alleging assault, and the potential for Jernigan to commit another offense if released on bond. Jernigan's appeal of the underlying offense and sentence is pending before this Court, *Jernigan v. State*, cause number 06-10-00221-CR.

*See Ordunez v. Bean*, 579 S.W.2d 911, 913–14 (Tex. Crim. App. 1979) (because appeal is available to challenge speedy-trial ruling, mandamus not available).

We deny Jernigan's request for mandamus relief.

Josh R. Morriss, III
Chief Justice

Date Submitted:     June 9, 2011
Date Decided:       June 10, 2011

Do Not Publish

3