

NUMBER 13-11-00579-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE BARRY DWAYNE MINNFEE

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion Per Curiam[1]

Relator, Barry Dwayne Minnfee, proceeding pro se, filed a petition for writ of mandamus on September 12, 2011. The petition for writ of mandamus is unclear regarding the specific actions or orders complained of in this original proceeding or the nature of the extraordinary relief sought by relator.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The Court has considered and dismissed or denied numerous other pro se original proceedings or pro se appeals filed by relator. *See generally In re Minnfee,* No. 13-11-00530-CV, 2011 Tex. App. LEXIS ___ (Tex. App.—Corpus Christi Aug. 24, 2011, orig. proceeding) (mem. op. per curiam); *Minnfee v. Sweetin,* No. 13-11-00152-CV, 2011 Tex. App. LEXIS 4972, at **1–2 (Tex. App.—Corpus Christi June 30, 2011, no pet.) (mem. op. per curiam); *In re Minnfee,* No. 13-11-00399-CV, 2011 Tex. App. LEXIS 4973, at **1–2 (Tex. App.—Corpus Christi June 30, 2011, orig. proceeding) (mem. op. per curiam); *In re*

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* Tex. R. App. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden

*Minnfee*, No. 13-11-00368-CV, 2011 Tex. App. LEXIS 4498, at **1–2 (Tex. App.—Corpus Christi June 13, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00360-CV, 2011 Tex. App. LEXIS 4373, at **1–2 (Tex. App.—Corpus Christi June 9, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00429-CV, 2009 Tex. App. LEXIS 5836, at **1–2 (Tex. App.—Corpus Christi July 28, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00268-CV, 2009 Tex. App. LEXIS 5030, at **1–2 (Tex. App.—Corpus Christi May 18, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnifee*, No. 13-09-108-CV, 2009 Tex. App. LEXIS 4933 (Tex. App.—Corpus Christi Apr. 2, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00108-CV, 2009 Tex. App. LEXIS 1559, at *1 (Tex. App.—Corpus Christi Feb. 27, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-08-00561-CV, 2008 Tex. App. LEXIS 7946 , at **1–2 (Tex. App.—Corpus Christi Oct. 15, 2008, orig. proceeding) (mem. op. per curiam).

to obtain mandamus relief.  *See State ex rel. Young*, 236 S.W.3d at 210.  Minnfee failed to adequately brief his complaints.  *See* Tex. R. App. P. 38.1(h) (providing that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").  Accordingly, relator's petition for writ of mandamus is denied.  *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Delivered and filed the
6th day of October, 2011.