

# NUMBERS 13-12-00780-CR & 13-12-00781-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE EUGENE McKINLEY BRISTER

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator, Eugene McKinley Brister, proceeding pro se, filed a petition for writ of mandamus on December 28, 2012, through which he seeks to compel the Honorable Joseph P. Kelly, Presiding Judge of the 24th Judicial District Court of DeWitt County, to grant jail time credit in trial court cause number 11-01-11,398, filed in our cause number 13-12-00780-CR, and trial court case number 11-01-11,399, filed in our cause number13-12-00781-CR.

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus in each of these causes is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of January, 2013.

2