

**NUMBERS**
**13-13-00091-CR**
**13-13-00092-CR**
**13-13-00093-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE HOWARD WILLIAMS

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion Per Curiam[1]

Relator, Howard Williams, proceeding pro se, filed a petition for writ of mandamus in the above causes seeking to compel the trial court to grant a motion for nunc pro tunc judgment to correct relator's jail time credit. This original proceeding arises from trial

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

court cause numbers 08-CR-1966-H, 08-CR-1967-H, and 11-CR-0638-H in the 347th District Court of Nueces County, Texas, which are respectively docketed herein as appellate cause numbers 13-13-00091-CR, 13-13-00092-CR, and 13-13-00093-CR. The Court requested and received a response to the petition for writ of mandamus from the real party in interest, the State of Texas, acting by and through the District Attorney in and for Nueces County, Texas.

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If relator fails to meet either of these requirements, then the petition for writ of mandamus should be denied. *See id.* As to the latter requirement, the Texas Court of Criminal Appeals has stated that it is satisfied "if the relator can show he has 'a clear right to the relief sought'—that is to say, 'when the facts and circumstances dictate but one rational decision' under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the applicable law, is of the opinion that relator has

2

not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus in these causes is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of February, 2013.