

# NUMBER 13-13-00308-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE HUMBERTO LICEA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion Per Curiam[1]

Relator, Humberto Licea, proceeding pro se, filed a "Petition to File Writ of Mandamus in Rule 52.1" with an "Amended Motion for Leave to File Notice of Appeal in Rule 26.1, Rule 26.3, Rule 25.1, and 25.2(b)" on June 17, 2013.

The petition and accompanying documents reference: (1) trial court cause number 01-CR-1447-H; (2) Third Court of Appeals cause number 03-12-00836; and (3) Texas Supreme Court cause number 13-0221. *See In re Licea*, No. 13-0221, 2013 Tex.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

LEXIS __, at *__ (Tex. May 3, 2013) (orig. proceeding) (per curiam) (denying petition for writ of mandamus); *In re Licea*, No. 03-12-00836-CV, 2013 Tex. App. LEXIS 1382, at *1 (Tex. App.—Austin Feb. 12, 2013, orig. proceeding) (mem. op.) (denying petition for writ of mandamus). Each of these appellate cause numbers arose from trial court cause number 01-CR-1447-H. This same trial court cause number 01-CR-1447-H has previously been the subject of a direct appeal, see *Licea v. State*, No. 13-01-849-CR, 2004 Tex. App. LEXIS 9464, at **1–2 (Tex. App.—Corpus Christi Oct. 28, 2004, no pet.) (mem. op. not designated for publication) (affirming relator's conviction for three counts of aggravated sexual assault of a child and two counts of sexual assault of a child), and the subject of an original proceeding in the Texas Court of Criminal Appeals and this Court. *See Licea v. Nueces County Dist. Clerk*, No. WR-78,259-01, 2012 Tex. Crim. App. Unpub. LEXIS 810, at *1 (Tex. Crim. App. Sept. 5, 2012) (per curiam order, not designated for publication) (relator's motion for leave to file petition for writ of mandamus was ultimately denied by the court of criminal appeals without written order); *In re Licea*, No. 13-12-00561-CR, 2012 Tex. App. LEXIS 8384, at **1–2 (Tex. App.—Corpus Christi Oct. 1, 2012, orig. proceeding) (per curiam mem. op., not designated for publication) (denying petition for writ of mandamus).

The documents currently at issue in this cause are unclear regarding the specific actions or orders complained of or the nature of the relief sought by relator. Because the document does not reference an order or judgment currently subject to appeal or attempted appeal, and the underlying trial court cause as identified in this pleading has already been the subject of a direct appeal, we construe these pleadings together as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1(a), (d).

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of June, 2013.

3