

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00133-CR

_____

IN RE:  JAMIE LEE BLEDSOE

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Jamie Lee Bledsoe has filed a petition for writ of mandamus "requesting this Court to compel the 71st District Clerk to act upon [his] petition for writ of habeas corpus 11:07."[1] The majority of Bledsoe's arguments in the petition relate to the possible filing of a motion to suppress. Bledsoe clarifies that he "[is] still awaiting a pre-trial hearing." His prayer asks us to "send an order to the 71st Judicial Court of Harrison Co[unty] to obey the application of Habeas Corpus 11:07 and any other relief deem[ed] proper."

This Court has jurisdiction to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (West 2004). We do not have jurisdiction over the district clerk in the context of this petition. Thus, mandamus may not issue against the clerk.

Relief must also be denied to the extent that Bledsoe's petition seeks some action by a trial court. To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It appears that Bledsoe's complaints relating to "the invalid affidavit for search warrant" can be addressed during the course of the proceedings.

Further, it is Bledsoe's burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.

---

[1]There is no complaint that Bledsoe's motion has not been filed.

2

proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). When filing a petition for writ of mandamus, a relator is required to file a certified or sworn copy of every document that is material to his claim for relief. *See* TEX. R. APP. P. 52.7(a). Bledsoe has failed to provide this Court with any portion of a record or any document supporting his petition for writ of mandamus.

Accordingly, Bledsoe's petition is denied.


                                        Jack Carter
                                        Justice


Date Submitted:     July 8, 2013
Date Decided:       July 9, 2013

Do Not Publish