

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00144-CR

---

IN RE:  REGINALD REECE

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# M E M O R A N D U M   O P I N I O N

On May 6, 2014, this Court found reversible error in the sentencing proceeding of the trial of Reginald Reece and remanded the case to the trial court for a new punishment hearing. *See Reece v. State*, 06-13-00082-CR, 2014 WL 1851322 (Tex. App.—Texarkana May 6, 2014, no pet.) (mem. op., not designated for publication). Reece has now filed a petition for writ of mandamus asking this Court to require the trial court to bench warrant Reece to Bowie County for a new punishment hearing.[1]

The standard for mandamus relief articulated by the Texas Court of Criminal Appeals requires the relator to establish that (1) there is no adequate remedy at law to redress the alleged harm, and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *State ex. rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Due to the nature of this remedy, it is Reece's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

---

[1]Reece was convicted of theft of property valued at $500.00 or more but less than $1,500.00. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2014). He had twice been convicted of theft, making this a state jail felony offense. The State also proved two prior felony convictions, which increased the punishment to second-degree-felony level. *See* TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2014). The judgment indicates that Reece was convicted of a second degree felony. Reece requests that we issue a new judgment showing that he was convicted only of a state jail felony offense. Since this case is remanded for another punishment hearing, a new judgment and sentence will be issued by the trial court after Reece's new punishment hearing. Therefore, it is unnecessary for us to modify the present judgment.

After we received Reece's petition, the trial court notified this Court that a bench warrant had been issued for Reece and that Reece is currently in the Bowie County Jail awaiting a punishment trial. Because Reece has attained all the relief sought before this Court, we deny his petition for a writ of mandamus.

Jack Carter
Justice

Date Submitted:    August 28, 2014
Date Decided:    August 29, 2014

Do Not Publish