

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00136-CR

**IN RE** Robert **RODRIGUEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
             Irene Rios, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: March 18, 2020

PETITION FOR WRIT OF MANDAMUS DENIED

On March 4, 2020, relator filed a pro se petition for writ of mandamus asking this court to "require [the trial court ] to issue a nunc pro tunc order to the Texas Department of Criminal Justice-Institutional Division Classification Dept. granting additional back time credit for time served in jail before sentence." We deny the petition.

## DISCUSSION

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Although we have jurisdiction to direct a trial court to exercise its discretion, we are not permitted to tell the trial court how to

---

[1] This proceeding arises out of Cause No. 1990-CR-1294, styled *The State of Texas v. Robert Rodriguez*, pending in the 437th Judicial District Court, Bexar County, Texas, the Honorable Lori I. Valenzuela presiding.

rule on a pending matter. *See, e.g., Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("The trial court's judicial discretion extends . . . to its decision how to rule after it considers a motion properly before it, and an appeals court may not issue a writ of mandamus to compel a trial court to rule a certain way on that motion."). Therefore, we cannot compel the trial court to issue the nunc pro tunc order requested by relator. Accordingly, relator is not entitled to the relief sought and the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish