

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00060-CR

IN RE ANTHONY WASHINGTON

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Anthony Washington, proceeding pro se, has filed a petition for a writ of mandamus asking this Court to direct Jerry Rochelle, the Bowie County District Attorney, to respond to an agreement on detainers dated January 16, 2021.  Washington also asks this Court to direct the 202nd Judicial District Court of Bowie County to remove "the Detainers" on Washington in accordance with the agreement on detainers.  We deny the requested relief.

This Court has limited mandamus jurisdiction, which includes issuance of a writ of mandamus against "a judge of a district . . . or county court" in our district.  TEX. GOV'T CODE ANN. § 22.221(b) (Supp.).  Because we do not have jurisdiction against a district attorney unless necessary to enforce our jurisdiction—and because Washington has not demonstrated that mandamus relief is necessary for this purpose—we have no jurisdiction to the extent Washington seeks relief against Rochelle.

This leaves the request that a writ issue against the district court.  Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy by law is available.  *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  Due to the nature of this remedy, it is Washington's burden to properly request and show entitlement to the mandamus relief.  *See id.* at 837–39; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

Washington has the obligation to provide us with evidence in support of his claim that he is entitled to mandamus relief. Washington attached a letter to his petition from the warden of the East Arkansas Regional Unit stating, "Pursuant to Article III of the Agreement on Detainers," Washington is requesting final disposition of all "indictments, information, or complaints" pending against him in jurisdictions to which the letter was presumably sent. Washington also attached to his petition an "Agreement on Detainers" advising that the "PROSECUTING OFFICER OF THE JURISDICTION IN WHICH" any "untried indictment[], information[], or complaint[]" is pending "may institute proceedings to obtain a final disposition thereof." The agreement was signed by Washington and by the warden of the East Arkansas Regional Unit. Nothing on the agreement or letter indicates that either was transmitted to the district court. There is no record from the district court indicating that either of those documents were filed there, that any request had been made to that court to comply with the agreement, or that any charges are still pending against Washington in the district court. Washington has also failed to attach a signed verification that he reviewed the petition and that the factual statements in the petition were supported by competent evidence included in the appendix or the record. *See* TEX. R. APP. P. 52.3(j).

Because Washington has failed to demonstrate that he is entitled to mandamus relief, we deny his petition.

Scott E. Stevens
Justice

Date Submitted: July 26, 2021
Date Decided: July 27, 2021

Do Not Publish