

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00047-CR

---

IN RE RANDALL TODD GREENOUGH

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Randall Todd Greenough has filed a pro se petition for a writ of mandamus asking this Court to compel the Honorable Brad McCampbell of the 402nd Judicial District Court of Wood County, Texas, to provide Greenough with a free copy of his trial transcript, the clerk's record, and discovery for purposes of filing a writ of habeas corpus in the Texas Court of Criminal Appeals. We deny Greenough's petition.

The appellate rules governing mandamus proceedings provide that "[t]he person filing the petition must certify that he . . . has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Greenough's petition did not include a certification as required by Rule 52.3(j).

The rules further require a petitioner to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," TEX. R. APP. P. 52.7(a)(1), together with "a certified or sworn copy of any order complained of, or any other document showing the matter complained of," TEX. R. APP. P. 52.3(k)(1)(A). Section 132.001 of the Texas Civil Practice & Remedies Code provides that "an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law." TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a). Section 132.001(e) provides that "[a]n unsworn declaration . . . by an inmate must include a jurat" substantially like the form provided in the statute. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(e). Although Greenough attached

a declaration to his petition, it fails to substantially comply with the requirements of Section 132.001(e).

Beyond these deficiencies, Greenough has the burden to show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). To do so, he must show that "he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). This he has failed to do. *See In re Bonilla*, 424 S.W.3d 528, 532 (Tex. Crim. App. 2014) (orig. proceeding) (indigent defendants do not have right to free trial record for collateral attacks on their convictions).

For these reasons, we deny Greenough's petition for a writ of mandamus.


Charles van Cleef
Justice

Date Submitted:     March 27, 2023
Date Decided:       March 28, 2023

Do Not Publish

3