**Opinion filed March 7, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00046-CR

_____

## IN RE TIMOTHY PATRICK LEE

---

### Original Proceeding

---

### M E M O R A N D U M   O P I N I O N

Relator, Timothy Patrick Lee, has filed this original proceeding pro se seeking to compel the 106th District Court of Gaines County to issue a ruling and grant Relator's motion for a nunc pro tunc judgment concerning jail time credit.

To be entitled to mandamus relief, a relator must establish that: (1) the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision; and (2) there is no adequate remedy at law to redress the alleged harm. *In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ

of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

Additionally, the relator must provide a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also In re Fears*, No. 05-24-00154-CV, 2024 WL 748077, at *1 (Tex. App.—Dallas Feb. 23, 2024) (orig. proceeding). This includes satisfying the requirement that "[e]very statement of fact in the petition must be supported by citation to competent evidence included in the appendix or record." TEX. R. APP. P. 52.3. The petition must be accompanied by record that includes "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." *Id*. R. 52.7.

Relator's petition is insufficient to establish his right to mandamus relief. Relator did not file a record to accompany his petition. The appendix to his petition includes a handwritten motion for a nunc pro tunc judgment, but no file stamp or other indication that it was properly filed with the district court. Moreover, it does not include a judgment and other documentation to show that the time credited to Relator was inaccurate. The petition is devoid of any evidence establishing that Relator's motion was filed and properly presented for a ruling, and Relator failed to

show his entitlement to mandamus relief. Accordingly, we deny the petition for writ of mandamus.


JOHN M. BAILEY

CHIEF JUSTICE


March 7, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.