

# NUMBER 13-12-00434-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE EUGENIO MARTINEZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Garza and Vela
## Memorandum Opinion Per Curiam[1]

Relator, Eugenio Martinez, proceeding pro se, filed a petition for writ of mandamus on July 9, 2012, through which he requested that we direct the trial court to process his motion for out-of-time appeal. By memorandum opinion, we dismissed the petition for lack of jurisdiction. *In re Martinez*, No. 13-12-00434-CR, 2012 Tex. App. LEXIS 5605, at *2 (Tex. App.—Corpus Christi July 9, 2012, orig. proceeding) (mem. op. per curiam, not designated for poublication). Relator has now filed a motion for

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

reconsideration. We grant the motion for reconsideration, withdraw the opinion previously issued by this Court, and substitute the following opinion in its place.

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* Tex. R. App. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The petition for writ of mandamus before the Court fails to include an appendix or a record. In fact, we are even unable to discern the nature of the judgment or order that relator seeks leave to appeal. Accordingly, the Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion

2

that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
7th day of August, 2012.