

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00094-CV

IN RE THEODIS DODSON                                                    RELATOR

----------

## ORIGINAL PROCEEDING

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

The mandamus record reflects that Relator is in prison in the Connally Unit and is pro se.  We can judicially notice that the unit is not in Tarrant County and that Relator is not free to present his motion in person.[2]  He has indicated that he

---

[1]*See* Tex. R. App. P. 47.4, 47.5.

[2]*See* Tex. R. Evid. 202.

is indigent. No family member who is not an attorney may act as his attorney.[3] How does a person in this position "present" the motion for DNA testing other than by filing it? If the majority is holding that Relator must somehow convince prison authorities to release him so that he may present the motion in person to the trial judge to be entitled to a ruling on his motion, I cannot agree.

Relator did what he was able to do both legally and physically: he filed the motion for DNA testing. The trial judge has ignored the motion. Relator is entitled to a ruling.[4] I would therefore request the State to file a response. Because the majority instead denies Relator all relief, I must respectfully dissent from the majority opinion.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

DELIVERED: April 10, 2014

---

[3]*See* Tex. R. App. P. 9.1(b); *Clewis v. Safeco Ins. Co. of America*, No. 02-08-00184-CV, 2009 WL 2414377, at *3 & n.12 (Tex. App.—Fort Worth Aug. 6, 2009, no pet.) (mem. op. on reh'g).

[4]*See White v. Reiter*, 640 S.W.2d 586, 594 (Tex. Crim. App. 1982) (orig. proceeding); *In re Lockett*, No. 02-08-00452-CV, 2009 WL 1740145, at *1 (Tex. App.—Fort Worth June 16, 2009, orig. proceeding) (mem. op.); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

2