

# NUMBER 13-14-00357-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE HERMAN LEE KINDRED

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Perkes and Longoria
## Memorandum Opinion Per Curiam[1]

Relator, Herman Lee Kindred, proceeding pro se, filed a petition for writ of mandamus in the above cause on June 26, 2014. Through this original proceeding, relator seeks to compel the trial court to provide relator with appointed appellate counsel and a copy of the appellate record for relator's pending appeal in our cause number 13-

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

13-00526-CR. Relator has previously sought this same relief by motion filed in his pending appeal.

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Relator has already sought and obtained an adequate remedy for the alleged harm through his pending appeal. Accordingly, relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).


PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of June, 2014.

2