**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00062-CR**
_____

**IN RE MICHAEL WAYNE HANCOCK**

_____

**Original Proceeding**
_____

**MEMORANDUM OPINION**

Michael Wayne Hancock filed a petition for writ of mandamus, challenging the June 2014 judgments nunc pro tunc signed by the 75th District Court of Liberty County, Texas, in trial court case numbers CR28749 and CR28750. Hancock contends the judgments nunc pro tunc are void because the deletion of attorney's fees from the judgments corrects an error of judicial reasoning.[1] To show

---

[1] In a previous mandamus proceeding, Hancock argued the original judgments contained clerical errors that cited the wrong section of the Penal Code. On motion of the State and with the agreement of Hancock's trial counsel, the trial court signed the judgments nunc pro tunc, correcting the Penal Code offense from section 22.11 to section 21.11(a)(1) and deleting the assessment of $4,325 in attorney's fees. We denied mandamus relief because the judgments nunc pro tunc

entitlement to mandamus relief, a relator must establish that he demanded the performance of an act that the respondent had a legal duty to perform, and that the respondent refused to act. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). In his present mandamus petition, Hancock has not shown that he asked the trial court to reconsider its order granting the State's motions and issue new judgments nunc pro tunc that assess the attorney's fees contained in the original judgments. We deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on February 17, 2015
Opinion Delivered February 18, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

were appealable. *See In re Hancock*, No. 09-14-00223-CR, 2014 WL 3697024, at *1 (Tex. App.—Beaumont July 24, 2014, orig. proceeding).