

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00142-CR

IN RE ROYCE WILLIAM TAWATER

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Relator, Royce William Tawater, proceeding pro se, has filed a petition for writ of mandamus against the Honorable Richard A. Beacom, Jr., presiding judge of the 354th Judicial District Court of Hunt County, Texas. For the reasons stated herein, we deny Tawater's petition.

Tawater's complaint is based on Section 52.047 of the Texas Government Code, which provides,

> (a) A person may apply for a transcript of the evidence in a case reported by an official court reporter. The person must apply for the transcript in writing to the official court reporter. The official court reporter shall furnish the transcript to the person not later than the 120th day after the date the:
>
> (1) application for the transcript is received by the reporter; and
>
> (2) transcript fee is paid or the person establishes indigency as provided by Rule 20, Texas Rules of Appellate Procedure.
>
> (b) If an objection is made to the amount of the transcript fee, the judge shall determine a reasonable fee, taking into consideration the difficulty and technicality of the material to be transcribed and any time constraints imposed by the person requesting the transcript.

TEX. GOV'T CODE ANN. § 52.047(a), (b) (West 2013).

In his petition for writ of mandamus, Tawater alleges that his court-appointed counsel failed to provide him with a free copy of the transcript, even though he was determined to be indigent.[1] Tawater states that he was quoted a fee of $1.00 per page for the transcript, offered to

---

[1]This Court previously affirmed three criminal convictions entered against Tawater. *See generally Tawater v. State*, No. 06-14-00075-CR, 2014 WL 6977070 (Tex. App.—Texarkana Dec. 10, 2014, pet. ref'd) (mem. op., not designated for publication); *Tawater v. State*, No. 06-14-00094-CR, 2015 WL 457866 (Tex. App.—Texarkana Feb. 4, 2015, pet. ref'd) (mem. op., not designated for publication); *Tawater v. State*, No. 06-14-00095-CR, 2015 WL 457866 (Tex. App.—Texarkana Feb. 4, 2015, pet. ref'd) (mem. op., not designated for publication). Tawater's petition does not specify which transcript he seeks or whether he seeks the transcripts in all three cases.

pay ten cents per page because he is unable to pay that amount, and sent two "letters of inquiry" to the district clerk "seeking the status [of his] Objections." Because he allegedly received no response to those letters, Tawater seeks (1) an order compelling the district clerk to send him the transcript, and (2) a writ of mandamus compelling Judge Beacom to set a reasonable fee for the transcripts.

With respect to Tawater's first request, mandamus may not issue against the district clerk because this Court has jurisdiction to issue a writ of mandamus only against "a judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (West 2004).

With respect to his second request, Tawater must show that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding) (per curiam). Further, it is his burden to properly request and show his entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

A relator seeking a writ of mandamus must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, a relator is required to file a certified or sworn copy of every document that is material to his claim for relief. *See* TEX. R. APP. P. 52.3(k), 52.7(a).

3

Tawater has failed to provide this Court with any portion of a record or any document supporting his petition. Specifically, this Court cannot determine (1) whether Tawater actually filed an objection to the fee, (2) whether the trial judge was asked to determine a reasonable fee, (3) whether any letters were actually sent to the district clerk, and (4) under what trial court cause number (or numbers) Tawater made a request. Accordingly, we deny Tawater's petition for writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 24, 2015
Date Decided:       August 25, 2015

Do Not Publish