

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00735-CR

**IN RE** Adam Michael **KOEHNKE**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: November 6, 2019

PETITION FOR WRIT OF MANDAMUS DENIED

On October 21, 2019, relator filed a pro se petition for writ of mandamus. Relator contends the trial court accepted his plea on October 19, 2017 and assessed punishment at five years' confinement. Relator asserts he recently filed a Motion for Release and Discharge based on earned good-time and work-time credit. Relator states he wants this court to "correct the trial court's failure," although he does not specifically state the nature of the trial court's failure. In his prayer for relief, relator asks this court to "grant relief and discharge . . . immediately." We deny the petition.

---

[1] This proceeding arises out of Cause No. A17632 & A17633, styled *The State of Texas v. Adam Michael Koehnke*, pending in the 216th Judicial District Court, Kerr County, Texas, the Honorable N. Keith Williams presiding.

**DISCUSSION**

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Although we have jurisdiction to direct a trial court to exercise its discretion, we are not permitted to tell the trial court how to rule on a pending matter. *See, e.g., Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("The trial court's judicial discretion extends . . . to its decision how to rule after it considers a motion properly before it, and an appeals court may not issue a writ of mandamus to compel a trial court to rule a certain way on that motion."). Therefore, we cannot compel the trial court to rule in a certain way on any motion filed by relator. Accordingly, relator is not entitled to the relief sought and the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish