# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00833-CV

**In re Brandon Paul Viator**

## ORIGINAL PROCEEDING FROM LEE COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Brandon Paul Viator, an inmate in the Texas Department of Criminal Justice, has filed a *pro se* petition for writ of mandamus naming as respondent the "Lee County Criminal District Attorney's Office—21st District Court" and asking this Court to direct the respondent to dismiss untried indictments in various causes identified in the petition. Having reviewed the petition, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

This Court's mandamus jurisdiction is expressly limited by statute to: (1) writs against a district court judge or county court judge in this Court's district, and (2) all writs necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221. Thus, we have no jurisdiction to issue a writ of mandamus against a district or county attorney unless necessary to enforce our jurisdiction. *See id.* Viator has not demonstrated that the exercise of our writ power against the designated respondent is necessary to enforce our jurisdiction in this case. Therefore, Viator has not established that we have jurisdiction to issue the writ Viator seeks.

To the extent Viator seeks relief that is within this Court's jurisdiction to grant, it is nevertheless Viator's burden as relator to properly request and establish entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). "In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief." *In re Roberts*, No. 03-12-00513-CV, 2012 WL 3629367, at *1 (Tex. App.—Austin Aug. 21, 2012, orig. proceeding) (mem. op.) (citing *Walker*, 827 S.W.2d at 837); *see also* Tex. R. App. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (requiring relator to file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Viator, however, has not provided this Court with any record or any certified or file-stamped copies of any document that is relevant to his claim for relief.

The petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

Gisela Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: January 3, 2025