

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00107-CR

---

IN RE JEREMY WAYNE ATKINS

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Jeremy Wayne Atkins has filed a pro se petition for a writ of mandamus asking this Court to compel the Honorable Alfonso Charles, presiding judge over the Tenth Administrative Judicial Region, to vacate his order denying Atkins's motion to recuse the Honorable Keli Aiken of the 354th Judicial District Court of Hunt County, Texas.[1] We deny Atkins's petition.

Rule 52.3 of the Texas Rules of Appellate Procedure requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The petition in this case does not contain the required certification.

Rule 52.7(a)(1) states that a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claims for relief *and that was filed in any underlying proceeding*." TEX. R. APP. P. 52.7(a)(1) (emphasis added). Also, Rule 52.3(k)(1)(B) states, "The appendix . . . must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(B). Here, Atkins did not attach to his petition a certified or sworn copy of his motion to recuse or the order denying the motion.

Atkins has the burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself

---

[1] According to Atkins, Judge Aiken presides over his Hunt County criminal case.

entitled to the extraordinary relief he seeks.").  To do so, "he must show that he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision."  *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record."  *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)).  For these reasons, we conclude that Atkins has failed to comply with the Texas Rules of Appellate Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.

Accordingly, we deny Atkins's petition for a writ of mandamus.


Charles van Cleef
Justice

Date Submitted:     July 21, 2025
Date Decided:       July 22, 2025

Do Not Publish