

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00100-CV

IN RE STEVEN BROOMFIELD AND LISA BROOMFIELD

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Relators, Steven and Lisa Broomfield, have filed a pro se petition for a writ of mandamus asking this Court to direct the Honorable Lauren Parish, a visiting judge for the County Court at Law of Panola County, to declare all orders entered in the case by the Honorable Rick McPherson void and to recuse herself as the visiting judge. Because the Broomfields' petition does not comply with the Texas Rules of Appellate Procedure, we deny their requested relief.

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins. Co.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). The relators have the burden to properly request and show their entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This includes compliance with the Texas Rules of Appellate Procedure.

Rule 52.3(j) of the Texas Rules of Appellate Procedure requires "[t]he person filing the petition [to] certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Here, the Broomfields' petition contains no such certification.

Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure states that a "[r]elator must file with the petition . . . a certified or sworn copy of every document that is material to the relator's claims for relief *and that was filed in any underlying proceeding*." TEX. R. APP. P.

52.7(a)(1) (emphasis added). The Broomfields did not attach certified or sworn copies of either the orders they seek to declare void or any recusal motion against Judge Parish.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)). For the reasons above, we conclude that the Broomfields failed to comply with the Texas Rules of Appellate Procedure and have not met their burden of providing a record sufficient to show themselves entitled to mandamus relief.

Accordingly, we deny the Broomfields' petition for a writ of mandamus.


Charles van Cleef
Justice

Date Submitted:     October 22, 2025
Date Decided:       October 23, 2025

3